People v Gausney (2026 NY Slip Op 00205)

People v Gausney

2026 NY Slip Op 00205

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kennedy, J.P., Gesmer, Rodriguez, Pitt-Burke, Chan, JJ. 

SCI No. 72686/23|Appeal No. 5600|Case No. 2023-04248|

[*1]The People of the State of New York, Respondent,
vEverett Gausney, Defendant-Appellant. ?

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Nathan Morgante of counsel), for respondent.

Judgment, Supreme Court, New York County (Laurie Peterson, J., at plea; Josh Hanshaft, J., at sentencing), rendered August 2, 2023, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him to 5 years of probation and 10 days of community service, unanimously modified, on the law and as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of three years' probation and striking the conditions of probation requiring defendant to "refrain from wearing or displaying gang paraphernalia and having any association with a gang or members of a gang if directed by the Department of Probation" and to pay the surcharge and fees imposed at sentencing, and otherwise affirmed.
As a matter of discretion in the interest of justice, the sentence is excessive to the extent indicated.
Defendant's challenges to certain conditions of probation under Penal Law § 65.10(1) survive his valid appeal waiver and do not require preservation (see People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]). Regarding the condition of probation requiring defendant to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people," the court providently imposed this condition, as it is "reasonably necessary to [e]nsure that the defendant will lead a law-abiding life or to assist him to do so," given that he was found in possession of cocaine for financial gain and admitted to the Probation Department that he used marijuana on a daily basis (Penal Law §§ 65.10[1], [2]; see People v Lombard, 241 AD3d 1126, 1126 [1st Dept 2025]; People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025], lv denied 44 NY3d 012 [2025]).
However, the probation condition requiring defendant to "[r]efrain from wearing or displaying gang paraphernalia and having any association with a gang or members of a gang if directed by the Department of Probation" must be struck. There is no evidence that defendant's actions were connected to gang activity, or that he had a history of gang membership; thus, the condition "was not reasonably related to defendant's rehabilitation, or necessary to ensure that he will lead a law-abiding life" (see e.g. People v Vasquetelles, 241 AD3d 1208, 1209 [1st Dept 2025]).
Furthermore, to the extent the court improperly imposed at sentencing payment of the surcharge and other fees as a condition of defendant's probation, we strike this condition as not reasonably related to his rehabilitation or necessary to ensure that he will lead a law-abiding life (see People v Wood, 239 AD3d 484, 484 [1st Dept 2025]; People v Percy, 234 AD3d 619, 620 [1st Dept 2025]). We note that the People do not oppose this relief
Defendant's facial challenges are unpreserved (see People v Cabrera, 41 NY3d 35, 42-51 [2023]), and we decline to review them in the interest of justice.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026